IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALAN JAMES BELL                                                                          PLAINTIFF

      v.                            Civil No.  15-5018

SOUTHERN HEALTH PARTNERS,
INC.; and NURSE MILES                                                               DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is currently before me on the Partial Motion to Dismiss (Doc. 15) filed by the Defendants.  Plaintiff responded (Doc. 21) to the Motion after a show cause order was issued.

**1.  Background**

According to the allegations of the complaint, when Plaintiff was incarcerated in the Benton County Detention Center (BCDC) awaiting transfer to the Arkansas Department of Correction (ADC), he was denied adequate medical care.[1]  Specifically, Plaintiff alleges Southern Health Partners, Inc. (SHP), changed the Plaintiff's medication without his being seen by a physician or having any lab tests performed.  Plaintiff also alleges that SHP stopped testing his blood sugar level despite it being low.

---

[1] The claims against three other nurses were dismissed on October 2, 2015 (Doc. 19).

-1-

Plaintiff alleges that Nurse Miles refused to allow the Plaintiff to test his blood sugar level. Plaintiff alleges this put his health in jeopardy. Plaintiff states that his blood sugar was too low on several occasions.

### 2. Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants maintain they are entitled to the dismissal of the official capacity claims because Plaintiff has not alleged facts sufficient to assert a plausible claim that an official institutional policy or custom reflected deliberate indifference to his serious medical needs. In response, Plaintiff reiterates the allegations contained in the complaint and asks that the claims not be dismissed.

AO72A
(Rev. 8/82)

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Benton County has contracted with SHP to provide healthcare to County prisoners. For this reason, the official capacity claims are treated as claims against SHP. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." Moyle v. Anderson, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." Jenkins v. County of Hennepin, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a denial of adequate medical treatment is insufficient. Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the institution's official who has final authority in such matters." Id.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." Id. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any

AO72A
(Rev. 8/82)

widespread, persistent pattern of unconstitutional conduct. The official capacity claims should be dismissed.

### 4. Conclusion

For the reasons stated, I recommend that the Partial Motion to Dismiss (Doc. 15) be **GRANTED** and the official capacities claims against the Defendants be dismissed. This results in the dismissal of all claims against Southern Health Partners, Inc. The individual capacity claims against Nurse Miles remain for later consideration.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of October 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)