### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**ALAN JAMES BELL**                                                    **PLAINTIFF**

**V.**                                     **CASE NO. 5:15-CV-05018**

**SOUTHERN HEALTH PARTNERS, INC. and**
**NURSE MILES**                                                        **DEFENDANTS**

### ORDER

Now pending before the Court is the Report and Recommendation ("R & R") (Doc.
22) filed on October 22, 2015, by the Honorable Erin L. Setser, United States Magistrate
Judge for the Western District of Arkansas.   In the R & R, the Magistrate Judge
recommends granting the partial Motion to Dismiss (Doc. 15) filed by Defendants Southern
Health Partners, Inc. and Nurse Miles (Snyder), and dismissing all official-capacity claims
against these Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure
to state a claim.

On November 2, 2015, Plaintiff Alan James Bell timely filed an Objection (Doc. 23)
to the R & R, reiterating the claims he made against these Defendants in his Amended
Complaint.  The Objection repeated Bell's claim that his medication was changed while he
was incarcerated at Benton County Jail, prior to "seeing a doctor or doing Lab work," and
that it should not be "ok for Big Company's [sic] to do what they want to. Without any
repercustion [sic] on them." *Id.* at p. 1.  In light of Bell's Objection, the Court has conducted
a *de novo* review as to all specified proposed findings and recommendations in the R & R.
28 U.S.C. § 636(b)(1).

Bell's Objection is without merit because it fails to address any of the substantive

1

legal reasons why his official-capacity claims are subject to dismissal. As the Magistrate Judge correctly noted in the R & R, "a custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct" made by an institutional defendant. *Jenkins v. Cty. of Hennepin*, 557 F.3d 628, 634 (8th Cir. 2009) (internal quotation and citation omitted). Because a single act or omission cannot create the sole basis for official-capacity liability, "[a] plaintiff must also show either that policymakers were deliberately indifferent to the misconduct or that they tacitly authorized it" in order to state a valid claim. *Id.*

The Amended Complaint (Doc. 10) fails to state any facts concerning an official policy, custom, or practice of Southern Health Partners, Inc. A corporation such as Southern Health Partners, Inc., which acts under color of state law, is liable only for its own unconstitutional policies and cannot be held liable under a *respondeat superior* theory. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir.1993) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). In this case, the only allegations Bell makes against Southern Health Partners, Inc. are based on a *respondeat superior* theory of liability as related to the acts or omissions of the company's employee, Nurse Miles. Moreover, a claim against Nurse Miles is tantamount to a claim against his employer, and absent an allegation of an unconstitutional policy or custom, the claim must be dismissed. *See Gorman v. Bartch*, 152 F.3d 907, 914 (1998) ("Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself."). For these reasons, Bell's Objection is overruled.

**IT IS THEREFORE ORDERED** that the R & R (Doc. 22) is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Defendants' partial Motion to Dismiss (Doc. 15) is **GRANTED**, and all official-capacity claims against these Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. As a result of this Order, Defendant Southern Health Partners, Inc. is dismissed from the lawsuit, as no other claims are pending against it. However, the individual-capacity claims against Nurse Miles will remain for further consideration.

**IT IS SO ORDERED** on this 7th day of March, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE